JONES v. FRAZIER. (No. 7487.)

(Court of Civil Appeals of Texas. Galveston. Jan. 10, 1918. Rehearing Denied Jan. 31, 1918.)

HUSBAND AND WIFE ☞272(1) — COMMUNITY FUND—EFFECT OF DIVORCE.

Where a divorced wife, whose property rights were not involved in the divorce suit nor disposed of in the divorce decree, was the owner of one-half of money constituting community property, and there was nothing to indicate that her interest was liable for any debts contracted by her husband, she was entitled to recover one-half of the fund from her husband's administratrix.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by Bessie Frazier against Mattie L. Jones, temporary administratrix. From a judgment for plaintiff, defendant appeals. Affirmed.

Allen G. Perkins, of Galveston, for appellant. L. R. Patton, of Galveston, for appellee.

PLEASANTS, C. J. This proceeding was begun in the county court of Galveston county by a petition filed therein by appellee against appellant, administratrix of the estate of Albert Cole, deceased, to require her, as such administratrix, to turn over to petitioner one-half of the sum of $421, which at the date of the death of Albert Cole was on deposit in his name in the First National Bank of Galveston, and had been withdrawn therefrom by appellant after her appointment as temporary administratrix. The petitioner claimed that said money was community funds earned by the deceased while he was the lawful husband of petitioner, one-half thereof belonged to petitioner, who was divorced from said Cole some time prior to his death, the property rights of petitioner not being involved in the divorce suit nor attempted to be disposed of in the divorce decree. Upon a trial in the county court judgment was rendered in favor of the defendant administratrix. On appeal and trial de novo in the district court judgment was rendered in favor of appellee for one-half of the fund involved in the suit.

We think the record sustains the finding of the trial court that appellee owned one-half of the fund in controversy, and there is nothing in the record to indicate that the interest of appellee was liable for any debts contracted by her former husband during the existence of the marital relation. Upon these facts the trial court correctly held that appellee was entitled to a judgment for her interest in the fund.

None of the assignments presented in appellant's brief shows any sufficient ground for a reversal of the judgment, and none of them can be sustained.

It follows that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes